Gary E. RADI, Plaintiff—Appellant,

v.

James MACDONALD, Warden; et al., Defendants—Appellees,

and

Crossroads Correctional Center, C.C.A., et al, Defendant.

No. 04–35786.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary E. Radi, Shelby, MT, pro se.

J. Daniel Hoven, Esq., Kimberly L. Towe, Sara B. Stanton, Chad E. Adams, Esq., Browning Kaleczyc Berry & Hoven, Helena, MT, for Defendants–Appellees.

*** This disposition is not appropriate for publication and may not be cited to or by the

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM ***

Gary E. Radi, a Montana state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging due process violations in connection with a disciplinary hearing at a private prison under contract with the State of Montana. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994)(per curiam), and we affirm.

The district court correctly concluded that Radi failed to establish a due process violation because he did not have a liberty interest in being free from solitary confinement. *See Sandin v. Conner,* 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Resnick v. Hayes,* 213 F.3d 443, 448 (9th Cir.2000). Furthermore, the decision of the disciplinary officers was not an ultimate decision affecting the length of Radi's sentence, and under such circumstances, private contractors are not precluded from conducting disciplinary hearings under Montana state law. *See* Mont. Code Ann. § 53–30–608(3)(c).

Although prisoners are entitled to a fair and impartial decision-maker at disciplinary hearings, *Edwards v. Balisok,* 520 U.S. 641, 647, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), Radi has failed to provide sufficient evidence to demonstrate bias. Ac-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cordingly, we conclude that the district court did not err in finding that there was no due process violation with respect to Radi's allegation that he was deprived of an impartial decision-maker at his hearing.

The district court did not abuse its discretion in denying Radi's repeated motions for appointment of counsel because he failed to show "exceptional circumstances." *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991) (quoting 28 U.S.C. § 1915(d)).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the